1  **DONALD M. GINDY** (SBN# 45228)
E-Mail: don@gindylaw.com
2  Law Offices of Donald M. Gindy
3  1925 Century Park East, Suite 650
Los Angeles CA, 90067
4  Telephone: (424) 284-3123

5

6  Attorney for Plaintiff,
VBCONVERSIONS LLC

7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| VBCONVERSIONS LLC, A California Limited Liability Company | Case No: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1. COPYRIGHT INFRINGEMENT;** |
| | **2. CONTRIBUTORY COPYRIGHT INFRINGEMENT;** |
| CW PROFESSIONAL SERVICES, LLC., d/b/a LOCHBRIDGE LLC, a Delaware limited liability company; SATYA GUTTULA, an individual; DOES 1-10, inclusive; | **3. VICARIOUS COPYRIGHT INFRINGEMENT;** |
| | **4. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, § 1201(a);** |
| Defendants. | **5. VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, PENAL CODE SECTION 502(e) ET SEQ.;** |
| | **6. REQUEST FOR INJUNCTIVE RELIEF** |
| | |
| | ***Demand for jury trial*** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

1  **COMES NOW**, the plaintiff, VBConversions, a California limited liability

2  company, which hereby alleges that defendants CW Professional Services, LLC.,

3
4  d/b/a Lochbridge LLC., a Delaware limited liability company and its employee,

5  Satya Guttula, an individual,  are liable to it for willful copyright infringement,

6
7  contributory copyright infringement, vicarious copyright infringement, violation of

8  the Digital Millennium Copyright Act, § 1201(a) and the California Comprehensive

9  Data Access and Fraud Act at Penal Code section 502(e), in connection with the

10  plaintiff's copyrighted software entitled VB.Net to C# Converter (the "Program").

11
12  This action is based upon a federal question. The court may exercise supplemental

13  jurisdiction over the California Act as the cause of action is based upon the same

14
15  facts and circumstances underlying the federal claims and forms the same case or

16  controversy under Article III of the Constitution.

17  **A.    SUMMARY OF THE ACTION.**

18
19  This action seeks damages and injunctive relief upon defendants'

20  unauthorized access, reproduction, adaptation and distribution of plaintiff's

21  copyrighted software entitled "VB.NET to C# Converter."   (C# is pronounced C

22
23  Sharp).

24  **B.    JURISDICTION.**

25  1.    This action arises under the Copyright Act of the United States,

26
27  17 U.S.C. §101 and §501, et seq and the Digital Millennium Copyright Act, 17

28  U.S.C. §1201(a).  This Court has jurisdiction over the subject matter of this action

1   pursuant to 28 U.S.C. §1338(a) and at 28 U.S.C. §1367(a) for the state cause of

2   action.   Jurisdiction is further founded upon the defendants' affirmation of a

3

4   provision in a licensing agreement that the parties agree to subject themselves to the

5   personal jurisdiction of the courts of the State of California.

6           2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) &

7

8   §1400(a). Plaintiff further alleges venue is proper as the result of a Forum Selection

9   Clause in a license agreement affirmed by defendants designating the County of

10
    Los Angeles, State of California, as the appropriate location for hearing in the event
11

12  of a dispute.

13          **C.    PARTIES**

14          3.      VBConversions LLC (hereinafter "VBC") is a California limited
15
16  liability company, whose principal office is located in Santa Monica, California.

17  VBC engages in the licensing of its software products on the Internet.

18          4.      Plaintiff is informed and believes and thereon alleges that CW
19
20  Professional Services LLC., d/b/a Lochbridge LLC ("Lochbridge") is a Delaware

21  limited liability company, with its principal headquarters located in Detroit, MI.

22  Upon information and belief, plaintiff alleges that LB is engaged in the computer
23
24  software business creating technology platforms for business.

25          5.      Plaintiff is informed and believes and thereon alleges that at all
26
    relevant times the co-defendant, Satya Guttula, was an employee of LB in the
27

28  position of computer programmer.

D.        GENERAL ALLEGATIONS

6.        Plaintiff has registered its programs with the Register of Copyrights. Plaintiff has registered Version 3.11 and issued registration number  TX 008144516 on April 22, 2015.  A copy of the registration is attached hereto and incorporated by reference as **Exhibit** "**A**."

7.        VBC licenses its copyrighted Program online at vbconversions.com. VBC offers prospective purchasers a demo-ware/functioning trial version for the limited time of 15 days and with up to 2,000 lines of Visual Basic to convert to C#. Prior to being permitted to use the Trial version, the perspective purchaser must first affirm the End User License Agreement ("EULA"). If it is suitable for their needs, the user may apply for a license by paying the standard market fee. It is important to note that no registration key is issued to trial users, unless and until they purchase a license by paying the standard market fee to VBC's intermediary company.  If they choose not to purchase a license, the trial version will automatically disable at the end of the 15 day trial period. The only way in which the Program continues on beyond the fifteenth day is owing to purchase of a license during the trial period, or use of an illegally generated registration key that unlocks the Program for an unlimited time without the knowledge or consent of VBC or reverse engineering, decompiling or disassembling the Program.  A copy of the EULA is attached hereto and incorporated by reference as **Exhibit** "**B**."

//

8.      Unfortunately, despite the best efforts of VBC, it has not been able to stem the tide of unscrupulous people who have gained unauthorized access to its program and have used the software to quickly convert to this more modern incarnation of computer language.  These intruders have used so-called "crack sites" which exist in great abundance on the Internet. These sites supply the decryption of registration keys to developer's software and enable fraudulent registration codes (or keys) to be used in order to gain access to the programs.  In self defense, VB has adopted a tracking system which is able to identify the date and time of the intruder, the external and internal IP of the offending computer, the identity of the user of that computer and other data which is integral to proof of infringement.

9.      In business programming, Visual Basic (VB) has one of the largest user bases and is probably the most popular programming language. But many developers look to more recent computer languages in order to enhance what they do and to eliminate flaws found in earlier programs such as VB.  Newer languages used by programmers include C, C+ and C++.  C# has evolved from these earlier attempts at improving VB.

10.      C# is intended to be a simple, modern, general-purpose, programming language. The language is intended for use in developing software components suitable for deployment in many different environments. For instance, C# compilers exist for just about every platform imaginable, including Mac, Linux,

5
COMPLAINT

Windows, Solaris, etc. C# is suitable for writing applications for both hosted and embedded systems, ranging from the very large that use sophisticated operating systems, down to the very small having dedicated functions.

11.     Plaintiff is informed and believes that at all times mentioned herein defendants, and each of them, have engaged in and continue to engage in the purchase and/or sale of goods and services within the County of Los Angeles, State of California.

12.     The American Registry of Internet Numbers (ARIN) is a non-profit organization that is charged with the task of assigning internet protocol addresses to computers using the Internet.  It is one of five organizations around the globe charged with these duties. The geographic area assigned to ARIN is North America. ARIN provides information as to the Net Range of Computers, by IP address, owned and/or operated by parties within the above geographical region.

13.     Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, Named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and thereon alleges that all of the defendants, known and unknown, are in some manner responsible for the wrongs alleged herein and that at all times mentioned herein were the agents and servants or joint venturers/ partners-in-concert of the other Defendants, and acted within the

1    course and scope of said agency and employment or within the parameter of their

2    agreement.

3

4        14.    Plaintiff is informed and believes and thereon alleges that at all times

5    relevant hereto, Defendants and DOES 1-10, inclusive, knew or reasonably should

6    have known of the acts and behavior alleged herein and the damages caused

7    thereby, and by their inaction ratified and encouraged such acts and behavior.

8

9    Plaintiff further alleges that said defendants have a non-delegable duty to prevent or

10   cause such acts and behavior described herein, which duty defendants failed and/or

11   refused to perform. Plaintiff further alleges upon information and belief that each

12   act, transaction or event hereinafter stated was directed, hosted, served and routed

13

14   through a network operated and maintained by defendant International.

15

16   **FIRST CLAIM FOR RELIEF:** *__Violation of 17 U.S.C.§106(1)& 501,et.seq.,__*

17

18   *__Copyright Infringement against all defendants.__*

19       15.    Plaintiff incorporates by reference paragraphs 1 through 14 as if the

20   same were set forth fully herein.

21

22       16.    On Friday, July 3, 2015, at 1:02:29 p.m., EST, the defendant, Guttula,

23   registered to use the Program.  The registration documentation reveals the name of

24   the user to be "SGuttula." He used a computer entitled MKE122216N01. It is

25

26   believed that the letters MKE refer to Milwaukee, Wisconsin. Lochbridge

27   maintains an office in that city. The  Public  Internet  Protocol  address  for  the

28   computer  appears  to  be:  68.61.7.170;  the  Private  Internet  Protocol  address  is

1   192.168.2.7.  Plaintiff is informed and believes and thereon alleges that the Public

2

3   IP address appears to be within the Net Range of computer addresses assigned to

4   defendants.

5       17.    Guttula used a false registration key to gain unauthorized access to the

6

7   Program.   The tracking system recorded the following registration key: P7715-

8   1006C-AM2R6-591Y6-EC067. This key was not issued by VBC to any defendant

9   named in this case.   However, this key bypassed the legitimate registration code

10  found on plaintiff's servers and permitted the user to enter the fully licensed version

11

12  of the software.

13      18.    On July 3, 2015, at 1:04:28 p.m., EST, Guttula engaged in converting

14  existing Visual Basic programming into 2,390,555 lines of C# by reason of his

15

16  illegal use of plaintiff's Program.  He concluded his nefarious actions on that day at

17  11:57:41 p.m.

18      19.    On July 4, 2015, Guttula again wrongfully used the Program in order

19

20  to convert Visual Basic into 669,425 lines of C#.  He commenced at 12:07 a.m. and

21  concluded at 11:26:09 p.m., with a break starting at 12:15 a.m. and beginning again

22  at 9:35 a.m.

23

24      20.    On July 5, 2015, at 8:42:23 a.m., the defendant once again converted

25  Visual  Basic  into  C#  and  created  2,793,927  lines  of  the  latter  programming

26  language finishing at 2:23:10 p.m.

27

28      21.    On August 4, 2015, at 2:14:49 p.m., using IP address 136.181.195.9,

1  registered to the Michigan State Government, the defendant commenced to convert

2  Visual Basic into 13,813 lines of C#. These conversions concluded at 2:15:29 p.m.

3
4  A copy of the above ARIN report regarding the new IP address used by the

5  defendant is attached hereto and incorporated by reference as **Exhibit** "**C.**"

6
7         22.    The total of all lines illegally converted amounts to the astounding

8  number of 5,867,599 lines of C#.  Converted lines are roughly equivalent to .035%

9  if the same were text.  In other words, the nature and extent of converting is greater

10 than 204,000 lines of textual material.  If the average book is 200 pages in length it

11
12 would take 1,020 books to equal the work that Guttula has done here. This number

13 of books is greater than that found in some high school libraries. [An alternative

14 way in which to calculate the extent of infringement is to divide the 5.8 million

15
16 lines by 28, which is the number of lines found on the average letter size paper.  In

17 this case, it would amount to 207,142 lines of text.]  In any event, the nature and

18 extent of the infringing conduct is astonishing to say the least.  A copy of the

19
20 "Proofs" attesting to the date and times of the above infringements are attached

21 hereto and incorporated by reference as **Exhibit** "**D**."

22
23        23.    The illegal conduct was dedicated to certain VB projects known to

24 Lochbridge. The projects contain names such as: *CorpCore; CorpFronEnd;*

25 *CorpCommonLib;* and*, CorpWeb.*  For instance, *CorpCommonLib* refers to the

26 corporation's   common   library   of   software.   Customarily,   it   enables   other

27
28 programmers  to  access  the  reproduced  C#  programming  and  take  from  it

COMPLAINT

components or portions of the coding that they may use on other projects.  In so doing, Guttula violated several of the exclusive rights belonging to VBC. Specifically, he engaged in reproducing the Program, then adapting the converted code to the named VB projects in violation of VBC's rights to the preparation of derivative works and, finally, illegally distributing to the public by lending the converted code in violation of VBC's rights under 17 U.S.C.§§§106 (1) (2) & (3). Moreover, Guttula violated VBC's EULA and its prohibition against the use of illegally generated registration key.

24.    VBC alleges that the full amount of Actual Damages, including profit attributable to the infringement, is unknown to plaintiff at this time, but according to proof at time of trial.  Plaintiff does allege that Statutory Damages are at least $150,000.00, in that defendants violated Version 3.11 of the program, pursuant to 17 U.S.C. § 101, the "Works." The acts of defendants involve the use of a fraudulent key in order to bypass plaintiff's legitimate codes issued to genuine purchasers. Accordingly, then, the acts complained of were willful and deliberate and qualify for the maximum allowed by 17 U.S.C. § 504 (c)(2).

**SECOND CLAIM FOR RELIEF:** *Vicarious Copyright Infringement*

25.    Plaintiff incorporates by reference paragraphs 1 through 24,  inclusive, as if the same were set forth fully herein.

26.    Plaintiff is informed and believes and thereon alleges that at all times relevant to the actions complained of herein the employer, Lochbridge, had the

1  right and ability to oversee, govern, control and direct its employees actions,

2  including, but not limited to, halting any adverse conduct in which its employee is

3

4  engaged, such as gaining unauthorized access to and copying plaintiff's software

5  program. Yet, despite this ability, defendants failed to enforce rules of conduct

6
   upon its employees, which has led to the number of lines being converted to C#
7

8  wrongfully. In particular, the defendants failed to take decisive action to prevent

9  continuing unauthorized access and copying of plaintiff's copyrighted software.

10
        27.    Plaintiff further alleges that as a proximate result of defendants'
11

12 conduct, defendants have profited in an amount and in a manner that would not

13 have taken place, but for the purloining of plaintiff's copyrighted software by its

14
   employee, Satya Guttula. Accordingly, defendants' have gained a financial benefit
15

16 to which they are not entitled.

17      28.    Under the circumstances outlined above, defendants,' and each of

18
   them, are liable to plaintiff for Statutory Damages as willful vicarious copyright
19

20 infringers in the amount of $300,000.00. Defendants' are also liable for Actual

21 Damages in an amount unknown at this time, but according to proof at time of trial.

22

23
        **THIRD CLAIM FOR RELIEF:** *Contributory Copyright Infringement*
24
        29.    Plaintiff incorporates by reference paragraphs 1 through 28,
25

26 inclusive, as if the same were set forth fully herein.

27
        30.    By virtue of its position as employer, defendant Lochbridge knew or
28
   had reason to know that its employee had gained unauthorized access to plaintiff's

11

1  copyrighted programs and was using same for the benefit of the company.

2   31.    Furthermore, plaintiff is informed and believes that Defendants aided

3

4  and abetted the actions of its employees and materially contributed therein by

5  supplying the data and equipment necessary to enable, encourage, urge and

6

7  persuade, and induce the usage of plaintiff's intellectual property, in particular, by

8  supplying computers, a router and a virtual private network through which each and

9  every instance of infringement alleged herein has traveled and been directed at

10
   plaintiff's software. Contribution is also detected by turning a "blind eye" to the
11

12  actions of Guttula and permitting him to continue his wrongful actions against

13  plaintiff.

14
   32.    Defendants, and each of them, are jointly and severally liable to
15

16  Plaintiff in Actual Damages of a sum unknown at this time, but for all profits

17  attributable to the infringements, according to proof at time of trial.   In the

18
   alternative, defendants are jointly and severally liable for Statutory Damages of
19

20  $300,000.00, as and for the willful and intentional infringement and unauthorized

21  access, copying and usage of plaintiff's copyrighted programs.

22

23
   **FOURTH CLAIM FOR RELIEF:** *Violation of the Digital Millennium*
24

25  *Copyright Act (17 U.S.C. § 1201).*

26   33.    Plaintiff repeats and re-alleges paragraphs 1 through 32, as if the same

27
   were set forth fully herein.
28

    34.    At all times mentioned herein, plaintiff had in force a confidential 25

1  digit alphanumeric code designed to control access to his copyrighted software. It

2  is only when a legitimate purchaser affirms the terms and conditions of the End

3

4  User Licensing Agreement (EULA) and pays the standard market fee that unlimited

5  access to the licensed product is permitted. When adherence is satisfied plaintiff

6  will issue to the licensee a non-exclusive, non-transferable license and provide

7

8  legitimate code enabling access to the copyrighted programs.

9      35.    The code is intended as a technological measure for the purpose of

10  protecting his proprietary program. To gain access requires knowledge of the 25

11

12  digits issued by plaintiff. It is intended to exclude those who seek to circumvent the

13  code and gain unauthorized access.

14      36.    The true number of acts of circumvention is unknown at this time, but

15  plaintiff is informed and believes and thereon alleges that at least 120 occasions

16

17  recited above occurred.

18      37.    As  a  consequence  of  defendants'  unlawful  and  unauthorized

19  circumvention of plaintiff's measures, plaintiff has sustained damages as previously

20

21  set forth herein.

22      38.    The use of the circumvention device to gain access is an intentional

23  and knowledgeable act by the defendants.  It is therefore willful and subjects

24  defendants jointly and severally liable for the maximum allowed for Statutory

25

26  Damages per act of circumvention or $2,500.00 on 120 occasions for a total of

27  $300,000.00. Alternatively, Plaintiff is entitled to Actual Damages for profits

28

1  attributable to the acts of circumvention per 17 U.S.C. § 1203(c)(2), according to

2  proof at time of trial.

3

4

5  **FIFTH CLAIM FOR RELIEF**: *Violation of the California Comprehensive*

6  *Computer Data Access and Fraud Act, Penal Code Section 502(e) et seq.;*

7       39.    Plaintiff incorporates by reference each and every preceding paragraph

8

9  as if the same were set forth herein.

10       40.    Guttula knowingly accessed and without permission used data, a

11  computer system and a computer network in order to execute a scheme to defraud

12

13  and deceive and wrongfully to obtain VBC's data as found in its program entitled

14  VB.NET to C# Converter and thus was in violation of Penal Code §502(c)(1).

15       41.    Defendant Guttula knowingly accessed and without permission made

16

17  and reproduced copies of data from the VBC computer system and all supporting

18  documentation existing on the VBC system in violation of California Penal Code

19  §502(c)(2).

20

21       42.    Guttula knew or had reason to know he was violating the exclusive

22  rights of VBC to reproduce the Program known as VB.NET to C# Converter,

23  Version 3.11, which was installed onto his computer known as MKE1222016. His

24

25  actions were motivated by malice, oppression and/or fraud subjecting defendants to

26  compensatory damages and punitive or exemplary damages in an amount unknown

27  at this time, but according to proof at time of trial.

28

**WHEREFORE**, plaintiff prays that the Court issue the following:

COMPLAINT

A.    Defendant be enjoined during the pendency of this action and permanently thereafter from appropriating, using or otherwise benefitting from plaintiff's copyrighted application software identified above without the express written approval of plaintiff or his delegate;

B.    Defendants be ordered to identify, preserve, set aside and retain any and all source code used by them in the infringement alleged above pursuant to Federal Rule of Civil Procedure 34, which includes, but is not limited to:(i) all electronically stored information which contains any portion of plaintiff's copyrighted program; (ii) all writings as defined in Federal Rule of Evidence 1001, which refer to or mention in any manner plaintiff's program, except to those items based on privilege.

C.    Pay plaintiff all damages sustained by him as the result of their unlawful acts, with prejudgment interest, as well as account for and pay for all gains and profits they have enjoyed at plaintiff's expense. In particular, Plaintiff demands compensation of at least $150,000.00 as and for Statutory Damages under the Copyright Act or Actual Damages for profits attributable to the infringement, both direct and indirect, according to law.

D.    Plaintiff demands at least $300,000.00 for violation of the applicable sections of the Digital Millennium Copyright Act, §1201(a), et seq., over and above those damages recited under the Copyright Act of 1976;

E.    Trial by jury.

F.     All costs of litigation, costs of suit, reasonable attorney fees and
interest to be paid at legal rates.

G.     Such other and further relief as the Court deems just under the
circumstances.

DATED: March 1, 2016

LAW OFFICES OF DONALD M. GINDY

By: _____
Donald M. Gindy
Attorney for Plaintiff
VBConversions LLC

16
COMPLAINT

1

2

### DEMAND FOR TRIAL BY JURY

3

4         PLEASE TAKE NOTICE that Plaintiff VBCONVERSIONS, LLC hereby

demands a jury trial in this action.

5

6

7    DATED: March 1, 2016                    LAW OFFICES OF DONALD M. GINDY

8

                                         By: _____

9

                                             Donald M. Gindy

10                                            Attorney for Plaintiff

11                                            VBConversions LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT