James E. Doroshow (SBN 112920)
    jdoroshow@foxrothschild.com
Jeffrey Grant (SBN 218974)
    jgrant@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone: 310-598-4150
Facsimile: 310-556-9828

Attorneys for Defendant,
CW PROFESSIONAL SERVICES, LLC
*DBA* LOCHBRIDGE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBCONVERSIONS LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>CW PROFESSIONAL SERVICES, LLC, d/b/a LOCHBRIDGE LLC, a Delaware limited liability company; SATYA GUTTULA, an individual; DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: CV-16-01435-JAK-KS<br><br>Hon. Judge John A. Kronstadt<br><br>**DEFENDANT CW PROFESSIONAL SERVICES, LLC'S NOTICE OF MOTION AND MOTION TO ALTERNATIVELY DISMISS, TRANSFER OR STAY ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Concurrently-filed with Declarations of James Doroshow, James Warmund and Romil Bahl and [Proposed] Order]**<br><br>Hearing Date: July 25, 2016<br>Hearing Time: 8:30 a.m.<br>Courtroom: 750<br><br>Complaint filed: 3/1/16 |

CW PROFESSIONAL'S MOTION TO DISMISS, TRANSFER OR STAY

ACTIVE 39524337v2 03/29/2016

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on July 25, 2016, at 8:30 a.m., or as soon thereafter as counsel may be heard in the above-entitled Court, Defendant CW Professional Services, LLC, *dba* Lochbridge LLC ("Lochbridge") will and hereby does move this Court to alternatively dismiss, transfer or stay this action in light of the first-filed action between the same parties involving the same issues currently pending in the United States District Court for the Eastern District of Michigan, entitled *CW Professional Services, LLC d/b/a Lochbridge v. VBConversions, LLC,* Case Number 2:16-CV-10689. Pursuant to Local Rule 7-3, counsel for Lochbridge met and conferred with opposing counsel regarding the contents of this Motion.

This Motion is and will be based on this Notice of Motion and Motion; the attached Memorandum in Support of this Motion; the Declarations of Romil Bahl, Joshua Warmund, and James E. Doroshow filed concurrently herewith; the pleadings in the Michigan Action; and all papers on file herein, as well as any further pleadings and/or argument that may be presented to the Court at or before the hearing of this Motion.

Dated: March 29, 2016          FOX ROTHSCHILD LLP

By  */s/ James Doroshow*
James E. Doroshow
Jeff Grant
Attorneys for Defendant,
CW PROFESSIONAL SERVICES, LLC *DBA* LOCHBRIDGE LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant CW Professionals Services, LLC *dba* Lochbridge ("Lochbridge") is a Michigan-based company that is incorporated in the State of Delaware. Lochbridge provides IT customization and staffing services. Plaintiff VBConversions LLC ("VBConversions") is a California business that files copyright infringement lawsuits, including nearly thirty copyright infringement actions in the Central District of California alone.

The instant action is the second lawsuit between the same parties involving the same issues. Before this lawsuit was instituted, Lochbridge brought an action against VBConversions in the United States District Court for the Eastern District of Michigan, Case Number 2:16-cv-10689 (the "Michigan Action"). The Michigan Action features the same parties and arises out of exactly the same dispute – *i.e.*, whether Lochbridge is liable to VBConversions for copyright infringement and whether VBConversions is liable to Lochbridge for illegal wiretapping under Michigan law.

The first-to-file rule dictates that this second-filed action be dismissed or transferred to the Eastern District of Michigan. Obviously, it would be extremely wasteful for the same parties to simultaneously litigate the same issues in two separate forums. The first-to-file rule states that, whereas here there are dual actions proceeding in two different forums, the second-filed action should be dismissed or transferred. This action is the second-filed action and should therefore be dismissed or transferred by this Court. Alternatively, the Court should stay this action pending a decision by the Court in the Michigan Action determining which Court should handle these two duplicate lawsuits.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Lochbridge's Business – IT Development And Staffing

Lochbridge is a Delaware limited liability company with its principal place of business in Michigan. Lochbridge is in the business of providing IT professional, development, customization and staffing services. *See* Declaration of Rombil Bahl, ¶¶ 2-3.

### B. VBConversions' Business – Bringing Copyright Infringement Lawsuits

VBConversions is engaged in a bait-and-switch scheme in which the company entices individuals into testing its software and then sues them (and their employers) for copyright infringement. According to its Complaint in this action, VBConversions operates a website, www.vbconversions.com, which the company uses to advertise software that converts computer code from one language to another. *See* VBConversion Complaint filed March 1, 2016 (Dkt. No. 1) ("Complaint") at ¶ 7. When a user downloads a test version of the software, they are then asked to click on a button confirming their agreement to a lengthy End User License Agreement ("EULA").[1] *Id.* VBConversions scheme operates by luring customers into downloading a test version of the software and then suing the user if they operate the software in a manner that is inconsistent with the terms of the EULA or if they use one of the many key codes that are widely available via a simple google search to access the full version of the software. VBConversions apparently maintains a sophisticated system to track the use of its software by third parties as a mechanism to gather evidence for litigation. That tracking system is the subject of Lochbridge's wiretapping claim in the Michigan Action.[2]

---

[1] A copy of VBConversion's EULA is attached as Exhibit B to its Complaint, Dkt. Nos. 1-2.

[2] *See* Complaint, at ¶¶ 16, 21, wherein VBConversions alleges it has records establishing each time a single user allegedly operates its software, the IP addressed used by that user, and the number of lines of code which were allegedly converted using the software.

CW PROFESSIONAL'S MOTION TO DISMISS, TRANSFER OR STAY

ACTIVE 39524337v2 03/29/2016        2

VBConversions charges users $199 for the full version of the software. *Id.* at ¶ 7, Ex. B. However, very few customers apparently ever actually purchase VBConversions' software. In fact, in one of the many, many lawsuits that VBConversions has recently brought, a VBConversions representative (David Crook) swore under oath that, on average, its software is downloaded 1,890 times a month.[3] At the same time, Mr. Crook also swore that approximately *one half of one percent* of those users ultimately purchase or license the software. *Id.* One-half of one percent of 1,890 users amounts to less than 10 paying customers every month, which would generate less than $2,000 in revenue monthly.

If VBConversions ever made any legitimate effort to turn a profit on selling its software, those efforts have apparently ceased. Instead, the company now makes money by extorting outrageous settlements. In fact, according to public records, VBConversions has filed more than twenty-five boilerplate complaints in the Central District of California alone, including:

> David A. Crook d/b/a VB Conversions v. Harcourt Investment Consulting AG (09-cv-5899) (C.D. Cal.)
> David A. Crook d/b/a VB Conversions v. ITT Corp. (10-cv-1156) (C.D. Cal.)
> David A. Crook d/b/a VB Conversions v. Microsoft Corp. (10-cv-1624) (C.D. Cal.)
> David A. Crook d/b/a VB Conversions v. RC Systems, Inc. (10-cv-2336) (C.D. Cal.)
> VBConversions LLC v. Honeywell Intl, Inc. (10-cv-7659) (C.D. Cal.)
> VBConversions LLC v. Proxient, Inc. (11-cv-748) (C.D. Cal.)
> VBConversions LLC v. The Rand Group (11-cv-6321) (C.D. Cal.)
> VBConversions LLC v. EMC Corporation (11-cv-2594) (C.D. Cal.)
> VBConversions LLC v. Executive Charge, Inc. (11-cv-1642) (C.D. Cal.)
> VBConversions LLC v. DWFritz Automation, Inc. (11-cv-6845) (C.D. Cal.)
> VBConversions LLC v. Costumes Galore Inc. (12-cv-8650) (C.D. Cal.)
> VBConversions LLC v. Gulf Coast Ventures LLC (12-cv-8265) (C.D. Cal.)

---

[3] *See* VBConversions LLC's Amended Responses to the First Set of Interrogatories served in conjunction with a lawsuit entitled *VBConversions LLC v. Exida.Com LLC*, United States District Court for the Central District of California, Case No. Case No. 13-cv-8306 PSG, Doroshow Decl. at ¶ 5, Ex. D.

      VBConversions LLC v. National CineMedia Inc. (12-cv-5479) (C.D. Cal.)
      VBConversions LLC v. Alere, Inc. (13-cv-8115) (C.D. Cal.)
      VBConversions LLC v. Exida.Com LLC (13-cv-8306) (C.D. Cal.)
      VBConversions LLC v. Now Solutions, Inc. (13-cv-0853) (C.D. Cal.)
      VBConversions LLC v. VM Innovations (13-cv-008502) (C.D. Cal.)
      VBConversions LLC v. Salesfusion, Inc. (13-cv-5868) (C.D. Cal.)
      VBConversions LLC v. Abbott Laboratories (13-cv-08746) (C.D. Cal.)
      VBConversions LLC v. Integrated Business Solutions Group, LLC (13-cv-4220) (C.D. Cal.)
      VBConversions LLC v. Thorosoft, LLC (13-cv-7577) (C.D. Cal.)
      VBConversions LLC v. Proctor & Gamble (14-cv-3472) (C.D. Cal.)
      VBConversions LLC v. Waste Management, Inc. (14-cv-51 5) (C.D. Cal.)
      VBConversions LLC v. The Baupost Group, Inc. (14-cv-8533) (C.D. Cal.)
      VBConversions LLC v. The Taunton Press, Inc. (15-cv-5305) (C.D. Cal.)
      VBConversions LLC v. Mirror Plus Techs., Inc. (15-cv-9083) (C.D. Cal.)
      VBConversions LLC v. March Nakach (15-cv-9372) (C.D. Cal.)

*See* Doroshow Decl., ¶ 4, at Ex. C.

Evidently, one of VBConversions' routine techniques involves identifying individuals who have supposedly violated the EULA and then threatening the individual's *employer* with a copyright infringement lawsuit. While the software retails for $199, VBConversions threatens employers with six-figure settlement demands. In response, VBConversions' unreasonable settlement demands frequently cause the accused infringer to bring a declaratory judgment action. These include but are not limited to the following:

*Duncan' Brands, Inc. v. VBConversions LLC*, D. Mass, Case No. 11-cv-11020. Plaintiff Dunkin' Brands, Inc. noted that VBConversions accused plaintiff of vicarious copyright infringement because one of plaintiff's employees supposedly violated the EULA. VBConversions demanded that plaintiff pay $130,000. In its declaratory relief complaint, Dunkin' Brands, Inc. alleges that: "VBConversions has repeatedly threatened Dunkin' Brands with an expensive lawsuit in a distant jurisdiction unless it receives payment well in excess of any reasonable demand." *Id.*, Dkt. No. 1, ¶ 25, Doroshow Decl., ¶ 6, at Ex. E.

*Tyler Technologies, Inc. v. VBConversions LLC*, E.D. Tx., Case No. 14-cv-0150. Plaintiff Tyler Technologies, Inc. noted that VBConversions accused plaintiff of vicarious copyright infringement because of the acts of one of the plaintiff's employees. Counsel for VBConversions asserted that it was entitled

to "at least" $150,000 but would settle for $135,000.  The complaint avers: "[VBConversions] has threatened Tyler with an expensive lawsuit in a distant jurisdiction unless it receives payment well in excess of any reasonable demand."  *Id.*, Dkt. No. 1, ¶ 15, Doroshow Decl., ¶ 7, at Ex. F.

### C. VBConversion Accuses Guttula Of Infringement And Demands Lochbridge Pay $150,000 To Settle Its Claims

VBConversions' Complaint in this action focuses on the conduct of an individual named Satya Guttula ("Guttula").  Specifically, VBConversions alleges that Guttula downloaded a copy of VBConversions' software on July 3, 2015, while employed by Lochbridge.  Complaint, ¶ 16.  Using its sophisticated (and illegal) tracking system, VBConversions allegedly identified Guttula's supposed testing of VBConversions' software.  Complaint, ¶¶ 16-21.  VBConversions alleges that Guttula used the software on July 3 and 5, 2015 and on August 4, 2015.  *Id*.

On August 11, 2015, just days after Guttula's supposed misuse of the software, VBConversions sent a letter to Lochbridge (Guttula's employer) threatening it with litigation.  Warmund Decl., Ex. 1.  In an attempt to avoid litigation, Lochbridge communicated with counsel for VBConversions attempting to resolve any legal claim.  *Id*.  In response, counsel for VBConversions maintained that, at trial, VBConversions would be entitled to $150,000 in statutory damages and actual damages that could "greatly exceed" its statutory damages demand.  *Id.*, Ex. 2.  However, while Lochbridge continued to try to find a reasonable resolution, counsel for VBConversions continued to insist upon exorbitant settlement amounts.  *Id*.  Ultimately, on February 11, 2016, counsel for VBConversions wrote another letter demanding $139,000 to settle his client's claims.  *Id.*, Ex. 3.

### D. Lochbridge Sues VBConversions in the Eastern District Of Michigan

After months of threatening letters and outrageous settlement demands, Lochbridge finally had enough.  On February 25, 2016, Lochbridge filed a lawsuit in the United States District Court for the Eastern District of Michigan.  Doroshow

Decl., Ex. A. This lawsuit now seeks a declaratory judgment confirming that VBConversions has no copyright claims against Lochbridge based on Guttula's use of any of VBConversions' software. The lawsuit also asserts a claim against VBConversions for the violation of the Michigan Wiretapping Act. That complaint was served on VBConversions on March 18, 2016. *See* Doroshow Decl. at ¶ 2.

### E. VBConversions Brings a Duplicate, Second-Filed Action in the Central District of California

Undeterred, after Lochbridge brought a declaratory relief action in the Eastern District of Michigan, VBConversions filed a second duplicate action with this Court in the Central District of California. Dkt. No. 1. Just like Lochbridge's complaint in the first-filed Michigan Action, the Complaint in this second-filed action identically arises from Guttula's alleged use of VBConversions' software. The second-filed instant action also includes the same parties that as are in the Michigan Action, as well as Guttula.

## III. ARGUMENT

### A. Dismissal or Transfer of This Lawsuit is Appropriate Under the First-Filed Rule

Federal courts universally recognize the "first-filed" rule. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("[T]here is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule" (*citing Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 749 (9th Cir. 1979)). This rule is one of comity. It permits a district court presiding over a second-filed case to decline jurisdiction over a matter pending before another court. *Church of Scientology*, 611 F.2d at 749. Under the first-filed rule, when a district court presiding over a second-filed suit determines that the two suits likely are to substantially overlap, it can dismiss the suit pending before it, transfer the case to another district court or stay the second-filed suit. *See Ruckus Wireless, Inc. v. Harris Corp.*, 2012 WL 588792, at *5 (N.D. Cal. Feb. 22, 2012);

*Church of Scientology*, 611 F.2d at 749; *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999).

Once this Court determines that there likely will be substantial overlap between the parties and claims to both suits, it is appropriate for this Court to dismiss the instant action. *See Church of Scientology*, 611 F.2d at 749; *Cadle Co.,* 174 F.3d at 606. In conducting this inquiry, courts have explained that the first-filed doctrine eschews rigid formalities and simply asks instead whether the two cases involve the same subject matter. *See Church of Scientology*, 611 F.2d at 749-750. As the Ninth Circuit has observed, "the purpose of the comity principle is of paramount importance. The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments. [citation] Comity works most efficiently where previously-filed litigation is brought promptly to the attention of the district court, and the court defers." *Id*. at 750.

Here, VBConversions' second-filed action in this Court substantially overlaps with the first-filed Michigan Action. The parties and the claims are similar in both cases. This second-filed action involves all of the same parties as the first-filed Michigan Action but adds one additional defendant (Guttula).[4] *See* Complaint, Dkt. No. 1, ¶ 5; Doroshow Decl., Ex. A, Complaint in Michigan Action. Further, the claims in both actions are virtually identical, and at the very least sufficiently similar to satisfy the first-to-file rule.[5] Both actions assert claims that concern the alleged infringement of one of Plaintiff's supposed copyrighted works. Complaint, Dkt. No.

---

[4] *Adoma v. U. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010)("[T]he first-to-file rule does not require strict identity of the parties, but rather substantial similarity."); *Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, 2011 WL 2073796, at *3 (E.D.Cal. May 24, 2011) ("The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters.").

[5] *Schwartz v. Frito-Lay N.A.*, 2012 WL 8147135, at *3 (N.D. Cal. 2012) ("The issues need not be precisely identical for the first-to-file rule to apply; the rule can apply even if the later-filed action brings additional claims."); *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F.Supp.2d 949, 959 (N.D.Cal. 2008) ("[A]s defendant correctly notes, the 'first-to-file' rule is satisfied by a sufficient similarity of issues.").

1, ¶¶ 6-14; Doroshow Decl., Ex. A, ¶¶ 5-12. Both actions arise out of specific instances in which Mr. Guttula allegedly used software entitled "VB.NET to C# Converter," which Plaintiff claims it owns. *Id*.

Dismissal or transfer of the instant action is appropriate. The lawsuits overlap almost completely. The instant action is merely an attempt to make an end run around Lochbridge's first-filed action and choice of forum - Michigan. This case should therefore be dismissed or transferred.

### B. Alternatively, the Court Should Stay This Action Pending a Decision By the Michigan Court

If the Court is not inclined to dismiss or transfer this case now, it should at a minimum stay this action pending a decision by the Michigan court whether to transfer the first-filed Michigan Action to the Central District of California. As the situs of the first-filed action, the Michigan court is entitled to resolve a transfer motion, which VBConversions has represented it shortly intends to bring in the Michigan Action. *Sega of Am., Inc. v. Signal Apparel Co.*, No. C-97-1392, 1997 WL 414196, at *1 (N.D. Cal. July 14, 1997) ("The first filed rule demands that the [first-filed court], not this one, decide whether the forum selection clause of the Licensing Agreement requires transfer or dismissal."); *see also, e.g., Cadle Co.*, 174 F.3d at 606 ("While the jurisdictional certainty of the first-filed court might be a proper factor for a district court to weigh in maximizing judicial economy, ... that balancing act is reserved only for the first-filed court"); *EMC Corp. v. Bright Response, LLC*, No. C-12-2841, 2012 WL 4097707, at *3 (N.D. Cal. Sept. 17, 2012) (it is "the first-filed court that should make this determination [of convenience] in the first instance"); *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 568 n.4. (S.D.N.Y. 2000) ("[I]t is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applies").

Moreover, if the Michigan court denies VBConversion's anticipated transfer motion, as Lochbridge believes it should, then as the first-filed court, the Michigan

court also is entitled to resolve whether and how the two cases should proceed in the interests of sound judicial administration and economy. *See Church of Scientology*, 611 F.2d at 750; *Cadle Co.*, 174 F.3d at 606 ("[T]he first to file rule not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated") (internal quotation marks omitted).

## IV. CONCLUSION

For each of the foregoing reasons, this Court should dismiss this action, transfer it to the United States District Court for the Eastern District of Michigan (which is overseeing the first-filed claims between the parties) or in the alternative, issue a stay pending a decision by the Michigan Court, including whether it will dismiss or transfer the Michigan Action.

Dated: March 29, 2016                    Respectfully Submitted,

                                                                                         FOX ROTHSCHILD LLP

                                                                         By  */s/ James Doroshow*
                                                                                 James E. Doroshow
                                                                                 Jeff Grant
                                                                                 Attorneys for Defendant,
                                                                                 CW PROFESSIONAL SERVICES, LLC *DBA* LOCHBRIDGE LLC